UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM R. CAMPBELL | ) |
| | ) No. CV-10-0252-CI |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner | ) MOTION FOR SUMMARY JUDGMENT |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 10, 12.) Attorney Maureen J. Rosette represents William R. Campbell (Plaintiff); Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 4.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

### JURISDICTION

Plaintiff filed for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 401-34, on September 18, 2007. (Tr. 141.) He alleged disability due to post traumatic stress disorder (PTSD) with an onset date of January 1, 1968. (Tr. 145.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on May 6, 2009,

before ALJ R. S. Chester. (Tr. 25-52.) Plaintiff, who was represented by counsel, testified. The ALJ denied benefits on May 28, 2009, and the Appeals Council denied review. (Tr. 13-24, 1-5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 65 years old, and was married with two adult children. (Tr. 31.) He has a high-school education, a Bachelor's degree in photography and a Master's degree in spirituality. Plaintiff served in the Navy for four years from 1964-1968, during which he served in Vietnam. (Tr. 31-33.) Plaintiff has past work experience as a self-employed photographer, administrative assistant, in home care-giver and Hospice volunteer. (Tr. 146.) He stated he has been unable to sustain work since 1968 because he cannot finish tasks and cannot keep jobs. (Tr. 145.)

## ADMINISTRATIVE DECISION

ALJ Chester first found Plaintiff met the insured status requirements for DIB and was insured through June 30, 1977. (Tr. 18.) At step one of the sequential evaluation process, the ALJ found Plaintiff had worked since the alleged onset date of January 1, 1968, but not to the level of substantial gainful activity prior to his date of last insured. (Id.) At step two, the ALJ found "Through the date of last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Tr. 18-19.) The ALJ concluded because

there was no medical evidence of impairment, Plaintiff was not under a disability, as defined by the Social Security Act, during the claimed period.  (Tr. 20.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1   *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

2   there is substantial evidence to support the administrative

3   findings, or if there is conflicting evidence that will support a

4   finding of either disability or non-disability, the finding of the

5   Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

6   1230 (9th Cir. 1987).

7                     **SEQUENTIAL EVALUATION PROCESS**

8      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

9   requirements necessary to establish disability:

10        In evaluating whether a claimant suffers from a
        disability, an ALJ must apply a five-step sequential

11       inquiry addressing both components of the definition,
        until a question is answered affirmatively or negatively

12       in such a way that an ultimate determination can be made.
        20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The

13       claimant bears the burden of proving that [s]he is
        disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

14       1999).

15      Thus, in steps one through four of the sequential evaluation,

16   the burden of proof rests upon the claimant to establish a prima

17   facie case of entitlement to disability benefits. *Rhinehart v.*

18   *Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a

19   claimant establishes that a medically determinable physical or

20   mental impairment prevents him from engaging in his previous

21   occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). "This requires

22   the presentation of 'complete and detailed objective medical reports

23   of his condition from licensed medical processionals.'" *Meanel,* 172

24   F.3d at 1113.

25      If a claimant cannot do his past relevant work, the ALJ

26   proceeds to step five, and the burden shifts to the Commissioner to

27   show that (1) the claimant can make an adjustment to other work; and

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

(2) specific jobs exist in the national economy which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) found no severe impairment at step two; (2) improperly rejected medical evidence; and (3) failed to consider lay testimony properly.  (ECF No. 11 at 10-11.)

**DISCUSSION**
**Step Two: Medically Determinable Impairment Requirement**

To be entitled to a period of disability and receive disability benefits under Title II of the Social Security Act, individuals who file for benefits after the expiration of their insured status, must establish disability on or before the date their insured status expires.  *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1461-62 (9th Cir. 1995).  An individual can only be found disabled if he is unable to do substantial gainful activity "by reason of any medically determinable physical or mental impairment which can be expect to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1508, .1527.  At step two of the sequential evaluation, the claimant has the burden to present evidence sufficient to establish a "severe" impairment, *i.e.,* one that significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  To satisfy step two's requirement of a severe impairment, the claimant must prove

the existence of a physical or mental impairment by providing objective medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1528(a). An impairment must result from "anatomical, physiological or psychological abnormalities" which can be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1528(b). "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be." *Social Security Ruling* (*SSR*) 96-4p; *see also SSR* 85-28.[1] If there is no showing of a medically determinable impairment, a claimant must be found "not disabled" at step two. *Id*.

Regulations governing these disability proceedings also require a claimant to present evidence that his severe impairment will result in death or meets the "duration requirement," that is, it has or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509. Thus, if the Commissioner finds the claimant does not have a severe medically

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, "deference" is given to the Commissioner's interpretation of its regulations. *Bunnell v. Sullivan*, 947 F.2d 341, at 346 n.3 (9th Cir. 1991). The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

1  determinable physical or mental impairment that meets the duration
2  requirement, a finding of not disabled is warranted at step two, and
3  the sequential evaluation is ended.

4      As noted above, Plaintiff is claiming disability between 1968
5  and June 30, 1977, the date his insured status for DIB purposes
6  expired.  The earliest medical evidence submitted by Plaintiff is
7  from 2006.  (Tr. 226-293.)  ALJ Chester summarized the medical
8  evidence presented and concluded the record included "no medical
9  signs or laboratory findings to substantiate the existence of a
10 medically determinable impairment."  He specifically noted that
11 psychological evaluations relied upon by Plaintiff related to "more
12 than 10 years after his date of last insured." (Tr. 18-19.)  These
13 findings are supported by the record in its entirety.

14     Referencing a psychological evaluation completed by Rob Neils,
15 Ph.D., in January 2008, the ALJ fully explained that although PTSD
16 and major depression were diagnosed, the diagnoses were based on
17 Plaintiff's own statements, there were no diagnostic findings made
18 during the pertinent time to establish these conditions existed
19 before his date of last insured, and there was no evidence that the
20 impairments were "disabling in character, on or before his date of
21 last insured." (Tr. 19, 303-310, 343-344.)  Unexplained medical
22 conclusions that are unsupported by objective tests and diagnostic
23 techniques are properly rejected by the ALJ. *Tonapetyan v. Halter*,
24 242 F.3d 1144, 1149 (9th Cir. 2001).  Further, the ALJ did not err in
25 disregarding after-the-fact psychiatric diagnoses that are not
26 pertinent to the period at issue. *Vincent v. Heckler*, 739 F.2d
27 1393, 1394-95 (9th Cir. 1984) (ALJ must explain rejection of
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

"significant probative evidence" only).   It is also noted that Plaintiff concedes in his opening brief that "none of the [medical] evidence is dated prior to Mr. Campbell's date of last insured of June 30, 1977."   (ECF No. 11 at 6.)   This stipulated fact is sufficient to support a finding that Plaintiff did not meet his step two burden to provide relevant medical evidence of a medically determinable impairment.   20 C.F.R. § 404.1508; *Ukolov v. Barnhart*, 420, F.3d, 1002, 1005 (9th Cir. 2005); *SSR* 96-4p (no basis for disability exists without relevant medical evidence demonstrating the existence of a medically determinable impairment).

Plaintiff appears to argue that his hearing testimony and self-reported symptoms in the record are sufficient to establish onset and duration of disability during the period of insured status. (ECF No. 11 at 9.)   This argument is unsupported by legal authority and contradicted by Plaintiff's hearing testimony.   As found by the ALJ, Plaintiff testified he "did not realize that he had any problems until about 5 years ago." (Tr. 19, 32-44.)   Even assuming Plaintiff's statements are credible, and he was unable to sustain work after he left the military, there is no evidence to support a finding that his inability to hold a job during his period of insured status was due to a medically determinable impairment. Further, as noted by the ALJ, at the hearing, Plaintiff did not allege symptoms of PTSD (such as nightmares or intrusive recollections of traumatic events during the relevant time) or depression during the relevant period.   The ALJ also references Plaintiff's testimony that he was able to earn a Bachelor's degree and a Master's degree in the years after he left the military,

testimony that is inconsistent with Plaintiff's allegations of inability to "follow through" with work tasks. (*Id.*)

Plaintiff also argues that statements from friends and relatives indicate he was having problems "well before his dated last insured." (ECF No. 14 at 3.) However, information from non-medical sources, such as parents, caregivers, siblings, friends and employers, can neither establish the existence of a medically determinable impairment, nor establish disability absent corroborating competent medical evidence. 20 C.F.R. § 404.1513(d); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *SSR* 06-03p. Although the ALJ is required to consider observations by non-medical sources during the sequential evaluation process, at step two, evidence of the limiting effects of symptoms is not probative unless a medically determinable impairment meeting the duration requirement is clearly established by the medical evidence. 20 C.F.R. §§ 404.1513 (a) and (d), .1520(a)(4)(ii); *SSR* 85-28. Because the medical evidence in this case does not establish an impairment during the relevant time, and sequential process ended at step two, ALJ Chester was not required to discuss evidence from Plaintiff's friends and relatives.

### CONCLUSION

The ALJ's denial of disability benefits at step two is supported by substantial evidence and free of legal error. The record is devoid of objective medical evidence to establish that between January 1, 1968, and June 30, 1977, Plaintiff had a medically determinable impairment that met the duration requirement and had more than minimal effect on his ability to work. Plaintiff

1  has failed to meet his step two burden.   The ALJ properly

2  discontinued the sequential evaluation at step two.   20 C.F.R. §§

3  404.1508, .1520.   Accordingly,

4       **IT IS ORDERED:**

5       1.   Plaintiff's Motion for Summary Judgment **(ECF No. 10)** is

6  **DENIED;**

7       2.   Defendant's Motion for Summary Judgment **(ECF No. 12)** is

8  **GRANTED;**

9       The District Court Executive is directed to file this Order and

10 provide a copy to counsel for Plaintiff and Defendant.   The file

11 shall be closed and judgment entered for Defendant.

12      DATED October 31, 2011.

13

14              _____S/ CYNTHIA IMBROGNO_____
                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10